In re Roland TERKEL, Debtor.

George F. O'BRIEN, Plaintiff,

v.

Roland TERKEL, Defendant.

**Bankruptcy No. 80–00518–BKC–JAG. Adv. No. 80–0176–BKC–JAG–A.**

United States Bankruptcy Court, S. D. Florida.

Dec. 19, 1980.

---

Charles M. Fahlbusch, c/o Wiener & Walton, Coral Gables, Fla., for debtor.

Robert Finkelstein, Miami Beach, Fla., for plaintiff.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This matter was tried before the court on October 15, 1980 upon the adversary complaint in which the plaintiff, George F. O'Brien, objected to the discharge of Roland Terkel, the defendant–debtor herein. The plaintiff asserts that the debtor must be denied a discharge under 11 U.S.C. § 727(a) because he concealed an income tax refund, he did not schedule as an asset the stock of a corporation wholly owned by him, he did not maintain adequate records for that corporation, he did not produce corporate records for the trustee, and he did not deliver to the trustee, proceeds from the sale of assets of that corporation.

The right to discharge is statutory, and the provisions for denying discharge to a debtor must be construed liberally in favor of the bankrupt and strictly against the objecting creditor. *Spach v. Strauss*, 373 F.2d 641 (5th Cir. 1967); *Jones v. Friendly Finance Discount Corp.*, 490 F.2d 452 (5th Cir. 1974).

I do not find that the failure of the defendant to deliver the income tax refund to the estate is a basis for denying discharge to him. Defendant's 1979 federal income tax return was prepared and signed by his accountant on April 11, 1980 (Plaintiff's Exhibit No. 10) and according to the testimony of the defendant, was filed sometime between that date and April 15, 1980. The defendant–debtor also testified that he did not include the anticipated tax refund of $768 in his schedules prepared on April 28, 1980 and filed in the main proceeding on May 5, 1980 because he had already received that refund prior to April 28, 1980 and used it in his ordinary living expenses and obligations. There was no countervailing evidence on this point and even though the period between April 11, 1980 and April 28, 1980 is short, it is not impossible that the refund would have been paid during that span of time and therefore the court cannot deny the defendant–debtor his discharge on the tax refund issue.

The facts underlying plaintiff's objections which relate to the corporation are more lengthy, but are essentially not in dispute. Prior to the petition under chapter 7 filed by the debtor in this court (Case No. 80–00518–BKC–JAG) on May 5, 1980, the debtor had acquired through a series of transactions with former associates one hundred percent of the capital stock of Modern Trend Imports, Inc. which operated a small telephone and mail order business. In mid 1979 the business needed financial and management assistance. The plaintiff, George F. O'Brien, seemed to be the answer to that need. He participated in the business, intending that he would become an

equal shareholder with the debtor. However, that intent never came to fruition. Instead, the plaintiff advanced substantial sums of money to the debtor for the business, for which the debtor issued his personal promissory note to the plaintiff. An action on this obligation was commenced in the State Court of Florida in which the defendant apparently asserted a counterclaim. However, the defendant–debtor does not here make an issue of his obligation to the plaintiff. In fact, that obligation is listed in the schedules filed by the debtor in the main proceeding and is admitted by his answer in this adversary proceeding. He does refer to his counterclaim in the state court action without evaluating it.

The business of Modern Trend Imports, . Inc. had become defunct prior to the debtor's petition in bankruptcy. As principal of the defunct corporation, the defendant–debtor stored the few remaining supplies consisting of cages, feed, and some miscellaneous items. The corporation itself is not in bankruptcy.

In his statement of affairs and schedules filed in the main proceeding, the defendant–debtor referred to the corporation but did not list his ownership of the capital stock of the corporation. Subsequent to the original filing of his schedules on May 5, 1980, he filed an amendment to schedule B–2 on June 16, 1980 which likewise made no reference to that stock. In the meantime, he had attended the meeting of creditors held pursuant to 11 U.S.C. § 341 and had answered under oath the questions asked of him regarding that corporation and acknowledging his ownership of it. The plaintiff herein at all times knew of the existence of the corporation and of the defendant–debtor's position in it.

During the pendency of these proceedings, the tangible personal property of the corporation was sold for approximately $200 which the defendant personally kept. He made no report of this to any corporate creditor. The defendant also testified at the trial that he felt that the corporate customers list was worth in excess of $1,000, but that he had had no success in selling it.

The court has considered and discarded plaintiff's allegations that defendant's discharge ought to be denied for his failure to keep and maintain adequate financial records and produce such records for the trustee. Following the § 341 meeting, the debtor furnished such corporate financial records as did exist. They consisted primarily of a check register and a sporadically maintained payroll book. The court finds that for the very simple business operation of the corporation, the check register was probably a sufficient bookkeeping system. Furthermore, the plaintiff during the time that he was surveying the business and considering becoming an equal shareholder in it, became familiar with the corporate business operation and offered no evidence that other business records were in existence and being concealed. There is no evidence at all that defendant's personal records were not produced. Therefore, this provides no basis for denying the debtor his discharge.

Under 11 U.S.C. § 727(a)(4)(A), a discharge may be denied to a debtor who knowingly and fraudulently made a false oath in connection with the case. Plaintiff asserts that defendant's failure to schedule the stock of Modern Trend Imports, Inc. requires a denial of discharge. I do not so conclude. Although proof of the omission of an asset which ought to have been scheduled raises a presumption of fraud, the total context does not bear out such a conclusion in this case.

The pattern of actions by the defendant and his attorney, who prepared the schedules, suggests carelessness rather than fraudulent intent. Defendant revealed his ownership of the stock at the § 341 meeting. This was not a surprise to plaintiff, who already knew of defendant's ownership of the stock because of their previous dealings, which solely concerned that corporation. The corporation was defunct. Plaintiff did not carry his burden of demonstrating that the stock had any value, and it appears that the stock in fact had no value. At the time of defendant's petition, the

corporation owned a couple hundred dollars worth of assets, and debtor's schedules allude to one debt of the corporation, which alone would probably equal the assets. It is apparent that the trustee could have realized no income from the sale of the stock. Because of the negligible, if not non–existent, value of the stock, defendant had little to gain from the nondisclosure, and plaintiff, or any other creditor, did not, in fact, suffer by it. Defendant's misrepresentation in his schedules was not a material one and does not justify denying him a discharge. Cf. *Jones v. Friendly Finance Discount Corp., supra; Kentile Floors, Inc. v. Winham*, 440 F.2d 1128 (9th Cir. 1971); *In re Topper*, 229 F.2d 691 (3rd Cir. 1956).

■ Plaintiff implies that defendant's pocketing of some $200 from the sale of corporate assets demonstrates that the stock did have value, and also brings defendant within the provisions of § 727(a)(2)(B) which authorizes denying a discharge on the basis of the debtor's transferring or concealing assets of the estate after the date of filing of the petition. Defendant's retention of the approximately $200 may well have been wrongful as to the corporation, and particularly its creditors. But, as discussed above, plaintiff has failed to prove that the $200 was net earnings which was to be distributed to the shareholder. There is insufficient evidence that this was indeed an asset of the estate.

Therefore, defendant will not be denied a discharge. This court does not condone carelessness in the preparation of bankruptcy schedules or in complying with all requirements, but the denial of discharge to a debtor is a step not to be lightly taken, and one not merited here. As required by B. R. 921(a), a Final Judgment pursuant to these Findings and Conclusions is being entered this date.