In re Joseph A. CHIMENTO and Carole A. Chimento, fdba Centennial Sunshine Tours, Debtors.

Carl D. RAFOTH, Trustee, Plaintiff,

v.

Joseph A. CHIMENTO and Carole A. Chimento, Debtors-Defendants.

Bankruptcy No. B81–1398Y.
Adv. No. 83–0192.

United States Bankruptcy Court, N.D. Ohio.

Oct. 19, 1984.

---

**402**

Carl D. Rafoth, Youngstown, Ohio, Trustee.

Ronald A. Devito, Warren, Ohio, for debtors.

### FINDING AS TO DISCHARGE OF DEBTS

HAROLD F. WHITE, Bankruptcy Judge.

The debtors filed a Chapter 13 proceeding in this court which was subsequently converted to a proceeding under Chapter 7 of the Bankruptcy Code. On March 21, 1983 the Chapter 7 trustee, Carl D. Rafoth, filed a complaint objecting to the discharge of the debtors. It has been agreed by the parties involved that Joseph A. Chimento should be dismissed as a party defendant as the facts alleged in the complaint do not apply to Joseph A. Chimento but do apply to Carole A. Chimento.

The matter was duly scheduled for trial which was held and counsel appeared on behalf of the trustee. The debtor, Carole A. Chimento, did not appear at the trial. The attorney for the debtor indicated to the court that there had been a lack of cooperation on behalf of his client in these proceedings but she was aware of the trial date on this matter. (For the purpose of this Finding and Order, "debtor" will refer to Carole A. Chimento solely.)

Based upon the evidence submitted, the court makes the following Finding of Fact and Law:

### FINDING OF FACT

1. In 1980 a Chapter 11 proceeding was filed captioned Carole A. Chimento Enterprises, Case No. B80–1098Y, which was dismissed April 28, 1981. A Chapter 13 proceeding was also filed on behalf of Joseph and Carole Chimento, Case No. B80–1510Y, which was dismissed on April 28, 1981. The within Chapter 13 proceeding, Case No. B81–1398Y, was filed by Joseph A. Chimento and Carol A. Chimento fdba Centennial Sunshine Tours on September 17, 1981 and was subsequently converted to a Chapter 7 proceeding on December 21, 1982.

2. The debtor's schedules list over 267 creditors, many being people residing in the Youngstown area who had claims against the debtor for tours which had been cancelled due to the debtor's inability to pay the airline and hotel bills prior to departure of the tour as the debtor had failed to escrow the funds that were deposited with her for the tours.

3. The debtor did escrow with her attorney two ladies diamond rings which, on April 30, 1982, were appraised at $3,445.00 (Plaintiff's Exhibit B). The rings were returned to the debtor by the attorney but were never disclosed in the bankruptcy schedules filed with the court.

4. The debtor alleges in an amended answer filed with the court on June 28, 1983 that the rings were the property of her deceased mother and that she subsequently returned the rings to her father who is the owner of the rings and resides in Colorado. There was no evidence to contradict the statement of her former attorney that she was the owner of the rings.

5. The debtor admitted in her pleading that she did not list accounts receivable in her original petition in the amount of approximately $57,000.00. The pleading alleges that the accounts receivable were of a highly speculative nature and were uncollectible. There was no evidence to substantiate this allegation.

6. From the testimony at the trial, the court finds that the debtor failed to maintain books or accounting records for the

following: (A.) Centennial Sunshine Tours from 1974 up to and including August 1980; (B.) Carole A. Chimento Enterprises Inc. d.b.a. Universal Figure Fitness Spas; (C.) The partnership with Russell J. Saaday and Charles Bishara.

7. The trustee has made numerous requests of the debtor for reports, tax returns, and cancelled checks; the debtor has failed to make any type of accounting whatsoever.

8. The debtor has failed to turn over to the trustee the records of the checking account in the name of Carole A. Chimento Enterprises, Inc. at the Lloyd's Bank of California, Lafayette, California and at the Euclid National Bank, Cleveland, Ohio.

## ISSUE

The issue is whether the trustee has sustained the burden of proof required to deny the debtor's discharge under 11 U.S.C. Section 727.

## DISCUSSION OF LAW

The discharge provided by 11 U.S.C. section 727 is at the heart of the Bankruptcy Code's fresh start provisions. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 384 (1977); S.Rep. No. 95–989 95th Cong. 2d Sess. 98 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787. It embodies the principle that the bankruptcy laws afford to the honest debtor a fresh start in life free from the onus of oppressive debt. *In re Mendoza*, 16 B.R. 990 (Bkrtcy.S.D.Cal.1982); *In re Rubin*, 12 B.R. 436 (Bkrtcy.S.D.N.Y. 1981). Consistent with this principle, Bankruptcy Rule 4005 imposes the burden of proof upon the party objecting to discharge. This burden is not easily met. Section 727 must be construed liberally in favor of the debtor and strictly against the objector. *In re Schnoll*, 31 B.R. 909 (Bkrtcy.E.D.Wis.1983); *In re Mendoza, supra.; In re Rubin, supra.; In re Terkel* 7 B.R. 801 (Bkrtcy.S.D.Fla.1980).

The Finding of Fact clearly establishes that the trustee has met his burden of proof that the debtor, Carole A. Chimen-

to, is not entitled to a discharge under 11 U.S.C. section 727. The court has found that the debtor has repeatedly withheld financial information from the trustee. (See Finding of Fact paragraphs 6 and 7.) This constitutes grounds for the denial of a discharge under 11 U.S.C. section 727(a)(4)(D). As Judge Speer of this court stated in a similar context in *In re McDonald*, 25 B.R. 186, 189 (Bkrtcy.N.D.Ohio 1982): "When a debtor voluntarily files a petition in bankruptcy, he is required to literally open all his records for the Trustee's inspection."

The trustee has also claimed that the debtor should be denied a discharge under section 727(a)(2) for fraudulently transferring, removing, destroying, or concealing, etc. property of the debtor or of the estate. The specific property at issue is the two diamond rings. To sustain his burden of proof under this section the trustee must show:

(1) that the act complained of was done at a time subsequent to one year before the date of the filing of the petition;

(2) with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code.

(3) that the act was that of the debtor or his duly authorized agent:

(4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done.

4 Collier on Bankruptcy, paragraph 727.-02[b] (15 ed.1984); *In re Rubin, supra.*

There is no doubt that the first element has been proven. The present proceedings were initiated on September 17, 1981 when the debtor and her husband filed their petition under Chapter 13. They converted to a Chapter 7 in December 1982. Between these two dates, on April 30, 1982, the debtor had the rings appraised. Although the exact date when the debtor concealed or transferred the rings cannot be pinpointed, it clearly occurred after the appraisal.

Thus, the proscribed act had occurred within the time specified by section 727(a)(2).

The third element has also been proven. The debtor admitted in her answer that she transferred the rings to her father.

The only elements which might be disputed are the second and fourth. The debtor denied in her answer that the rings were her property, purporting to refute the fourth element. Since she did not appear at the trial of this matter, there was no evidentiary support for her answer. Thus, the court is left with the uncontradicted testimony of a witness who testified that the rings were the debtor's property. The court finds, therefore, that the fourth element has been proven.

The only remaining issue under section 727(a)(2) is whether the debtor had the intent to deceive her creditors when she concealed or transferred the rings. This may be proved by circumstantial evidence. *First National Bank, Dayton v. Wright*, 8 B.R. 625 (Bkrtcy.S.D.Ohio 1981). The fact that these rings were never listed in the schedules of the debtor's property is circumstantial evidence that she fraudulently intended to conceal them from her creditors. Indeed, the facts of this case reveal a pattern of behavior by the debtor to consistently frustrate the efforts of the trustee to gather the assets of the estate for an orderly liquidation. The only reasonable inference under these circumstances is that the debtor harbored the requisite fraudulent intent. Thus, she should be denied a discharge under 11 U.S.C. section 727(a)(2).

■ Finally, the trustee complains that the debtor failed to list as assets of the estate, in addition to her rings, approximately $57,000.00 in accounts receivable. This constitutes grounds for the denial of a discharge under section 727(a)(4)(A) for knowingly and fraudulently making a false oath or account.

The debtor admitted in her answer that she did not schedule the rings or the accounts receivable. Thus the court finds that she knowingly made a false oath or account. Again, the only remaining issue is whether the debtor did so fraudulently.

In her pleading, she stated that the accounts receivable were of a highly speculative and uncollectible nature. Of course, since she did not appear at the trial, she was not able to substantiate this claim. Moreover, because she failed to turn over her business records to the trustee, he was unable to refute her claim that the receivables were uncollectible. As with the diamond rings, so with the $57,000.00 in accounts receivable: the only reasonable inference is that the debtor intended to defraud her creditors by failing to list the accounts receivable on her schedule of property. It follows that the debtor should be denied a discharge under 11 U.S.C. section 727(a)(4)(A) also.

In conclusion, the court finds that pursuant to 11 U.S.C. section 727(a)(2), (4)(A), and (4)(D), the debtor, Carole A. Chimento, must be denied a discharge. A discharge in bankruptcy is reserved for the honest debtor. Mrs. Chimento has not been honest. She has frustrated the trustee, defrauded her creditors, and ignored the requirements of the Bankruptcy Code. Her disdain for these proceedings can be measured by her failure to appear at the trial on the trustee's objection to her discharge. The trustee's complaint must be granted; the debtor's discharge denied.