In re Clyde James **PIETRI** (S.S. # 437–42–9507), Debtor.

Dorothy M. **PIETRI**, Plaintiff,

v.

Clyde J. **PIETRI**, Defendant.

Bankruptcy No. 84–00352.
Adv. No. 84–0144.

United States Bankruptcy Court,
M.D. Louisiana.

Feb. 25, 1986.

See also, Bkrtcy., 59 B.R. 68.

---

David S. Rubin, Baton Rouge, La., for plaintiff.

MacAllynn J. Achee, Baton Rouge, La., for Clyde J. Pietri.

Lewis O. Unglesby, Baton Rouge, La., for Myrtle Mock Pietri.

## MEMORANDUM OPINION

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

The Defendant's answer admitted the core jurisdiction allegations of the complaint. No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion

under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Facts

On May 9, 1984, a bankruptcy petition was filed on behalf of Clyde James Pietri. The sworn schedules attached to that petition show secured claims of about $10,000, unsecured claims of about $354,000.[1] The only substantial creditor is the Debtor's former spouse, Dorothy Pietri. In fact, the schedules list only two direct creditors, Dorothy Pietri for the total sum of approximately $305,505.91 and the United States Department of Justice for about $3,000.[2] The Debtor listed the following assets in his schedules:

| Household Goods, Supplies, and Furnishings | $ 1,000 |
|---|---|
| Wearing apparel | 200 |
| 1979 Lincoln Continental | 5,000 |
| 1979 Mobile Home | 8,000 |
| Other Liquidated Receivables | 1,500 |
| Stocks and Interest in Corporations | 720 |
| **TOTAL** | **$16,420** |

On November 2, 1984, Dorothy Pietri filed a complaint to deny the Debtor's discharge. The complaint alleges that the Debtor is indebted to the Complainant in the amount of $305,505.91 and that the Debtor should be denied a discharge for multiple reasons, including the following:

A. The concealment of property of the Debtor within one year before the filing of the petition or the concealment of property of the estate after the date of filing of the petition, both with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code;

---

1. The amounts are rounded to the nearest $1,000.

2. The schedules list seven additional creditors, but the schedules indicate that the debts to these

other creditors "are debts of Pietri True Value Hardware Center, Inc. for which the debtor may be personally responsible."

B. The transfer of property of the Debtor within one year before the filing of the petition or the transfer of property of the estate after the date of filing of the petition, both with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code;

C. The concealment, destruction, falsification, or failure to keep or preserve any recorded information from which the Debtor's financial condition or business transactions might be ascertained without justification for such act or failure under all of the circumstances of the case;

D. Knowingly and fraudulently making a false oath or account in connection with the case;

E. Knowingly and fraudulently withholding from an officer of the estate any recorded information relating to the Debtor's property or financial affairs; and

F. Failure to explain satisfactorily any loss of assets or deficiency of assets.

The Complainant filed a motion for summary judgment; on June 14, 1985, Complainant filed a memorandum in support of that motion, and filed affidavits and supporting documentation. On August 14, 1985, the Defendant filed a memorandum in opposition to the motion for summary judgment; the opposing memorandum attaches no affidavits or other documentation and points to no answers to interrogatories, admissions, pleadings, or depositions in the record in support of the opposition. Nevertheless, the Court has undertaken a review of the entire record, including all depositions, interrogatories, *etc.* to determine whether there is an issue of material fact requiring a trial, *see, Higgenbotham v. Ochsner Foundation Hospital,* 607 F.2d 653, 656–57 (5th Cir., 1979).[3]

After completion of that review, the Court finds the following facts to be uncontradicted. On December 31, 1981, the Defendant purchased a certificate of deposit at Commercial Federal Savings & Loan Association, Hammond, Louisiana, in the amount of $100,000. That certificate of deposit was renewed monthly, during the first week of each month, for almost three years (more precisely, thirty-two monthly renewals). The certificate was renewed each month in the exact amount of $100,-000; no interest or other sum was added to the renewed CD. The certificate of deposit was renewed on May 7, 1984, the very date on which the Debtor signed his schedules in the bankruptcy case; those schedules make no reference to the certificate of deposit. On August 17, 1984, approximately 100 days after the bankruptcy petition was filed, the debtor withdrew $100,830.44 that was the maturity value of the certificate of deposit and applied the proceeds against a loan that he owed the Association in the amount of $88,912.82. The remaining $11,-028.04 was paid to the Debtor; the record does not show the disposition of those funds.

In addition, the following facts are uncontradicted. The Debtor's father passed away on April 14, 1980, leaving an estate valued for inheritance tax purposes at approximately $28,000. The estate included a piece of real estate in East Baton Rouge Parish; all other assets of the estate were movable property, including claims against the separate estate of the decedent's mother.[4] On May 13, 1981, the Debtor signed an affidavit in the succession proceeding attesting to these assets and values. The

---

3. The Court has also undertaken a review of deposition transcripts in the main case record (in addition to the material in the adversary record) out of an abundance of caution to determine whether there is more than mere allegation in the pleadings that would substantiate the need for a trial. (607 F.2d 653, 656–57 (5th Cir., 1979)).

4. The claim against the separate estate of the decedent's mother apparently had some value since the probate records show a piece of separate immovable property belonging to her with a value of $200,000.

Debtor was put in possession of an undivided one-half of his deceased father's estate by a Judgment of Possession rendered May 20, 1981; the Debtor's portion of the estate was subject to a usufruct in favor of his mother, Myrtle Mock Pietri. No asset was listed in the Debtor's bankruptcy schedules that related to this succession interest.

It is worth restating that the Debtor has offered no affidavits, depositions, interrogatories, or other factual support as required by Rule 56(e) of the Federal Rules of Civil Procedure, and the Court finds no such support in the case record or the adversary record that would indicate a need for trial of an issue of fact.

### III. Law

11 U.S.C. § 727(a) provides as follows:

**"§ 727. Discharge**

(a) The court shall grant the debtor a discharge, unless—...

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities; ..."

Bankruptcy Rule 7056 provides that Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As noted, on August 14, 1985, the Defendant filed a memorandum in opposition to the motion for summary judgment. The memorandum addresses only three parts of § 727(a): § 727(a)(2), § 727(a)(3), and § 727(a)(4). The memorandum then cites *In the Matter of Esposito*, 44 B.R. 817 (Bkrtcy., S.D.N.Y., 1984), for the proposition that questions of discharge are not generally appropriate issues for motions for summary judgment. The memorandum states "In the present proceedings summary judgment is inappropriate because the presence of the requisite intent on the part of Mr. Pietri has not been established." The memorandum discusses the intent requirements of § 727(a)(2) and the *scienter* requirement of § 727(a)(4). The memorandum submits that there is no act of destruction or concealment of records "such that a discharge should be denied in summary proceedings."

The thrust of the Defendant's opposition to the motion for summary judgment, therefore, is not in contradiction to anything asserted by the Complainant, nor does it assert any fact to be proved. The thrust of the memorandum is simply the naked assertion that "summary judgment is inappropriate because the presence of the requisite intent on the part of Mr. Pietri has not been established." The Defendant's conclusion is a *non sequitur.*

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The Debtor has admitted excluding the succession interest from the schedules filed in the bankruptcy proceeding; the Debtor's pleading states that the omission was through inadvertence. There is no allegation, affidavit, or other response to the Complainant's affidavits and other evidence regarding the $100,000 certificate of deposit.

Rule 56 of the Federal Rules of Civil Procedure is designed to test whether there is an issue of fact for trial. The Debtor in this case has responded with the allegation that summary judgment is inappropriate because the requisite intent has not been established. The Debtor has not asserted that any of the facts alleged by the Complainant are not true, nor has the Debtor asserted facts that need to be proved at trial; the Debtor has merely asserted that the Complainant's facts are insufficient. Based on this response from the Defendant, the Court can rule on the motion for summary judgment since the Defendant does not assert that there is an issue of fact that must be tried, but rather asserts that the facts alleged in support of the motion for summary judgment are insufficient because "the requisite intent ... has not been established." The Court's inquiry must be whether the moving party is entitled to judgment as a matter of law based on the undisputed facts asserted.

The Court concludes that the Complainant is entitled to judgment as a matter of law; the conclusion can be reached on any of three alternative grounds. First, the Debtor owned a $100,000 CD and a succession interest which included real estate and was valued for inheritance tax purposes at more than $7,000.[5] In addition, approximately 100 days after the filing of the petition, the Debtor received and did not convey to the trustee approximately $11,000 of property of the estate. The existence of these funds was not disclosed to the trustee at any time by the Debtor voluntarily.

It would appear from these facts that the Debtor clearly has failed to explain satisfactorily a loss or deficiency of assets to meet the Debtor's liabilities. Specifically, nowhere in the record does there appear any explanation of the loss of the $11,000 that should have been available to pay the liabilities of the estate. This finding, by itself, would be sufficient to deny a discharge under § 727(a)(5). There is no intent or *scienter* requirement in this provision of the Code.

Second, it would appear that the Debtor made a false oath or account in presenting schedules that omitted these two assets. It would also appear that the Debtor withheld from an officer of the estate recorded information (including copies of the certifi-

---

5. The total value of the property which the Debtor inherited was worth approximately $14,000, but there was allowed for inheritance tax purposes a deduction of about $7,000 for the usufruct interest to which the surviving spouse (age 65) was entitled. The value of that usu- fruct interest declines as the surviving spouse gets older. Therefore, approximately three years later when the bankruptcy petition was filed, the value of the Debtor's interest would have increased unless the value of the real estate involved substantially decreased.

cate of deposit and copies of the succession proceedings).

The Debtor does not appear to deny these facts. His memorandum merely asserts that there is no proof of his intent regarding these acts. Since some of the transactions occurred on the very date the schedules were filed and on the first day of each month thereafter, and since there is no support of a fact issue requiring trial, and after consideration of all the facts and circumstances in context, the Court can conclude as a matter of law that the Debtor knowingly and fraudulently withheld the documents and that the Debtor knowingly and fraudulently made a false oath or statement when he signed his schedules. The attorney for the Debtor is quite correct in that the burden of proof with respect to the intent or *scienter* requirement lies with the Complainant. But that is not to say that the Complainant must provide direct evidence of the Debtor's intent. As Complainant points out in his memorandum, the Debtor's intent may be proved by circumstantial evidence.[6] This Court has held that the necessary *scienter* requirement can be found when the schedules, taken as a whole, are so grossly irregular that a fair reading compels one to conclude after consideration of all the facts and circumstances in context that more than mere error was involved and that the Debtor must have intended to benefit at the expense of his creditors.[7]

Third, taking as a whole the established evidence, it appears that the Debtor has concealed or permitted to be concealed property of the Debtor or property of the estate. The concealment issue is beyond

cavil. The intent to hinder, delay, or defraud can be implied for the reasons stated above. The Debtor has alleged that the omission of the succession interest was negligence; there is not even an allegation regarding the certificate of deposit. Even if there were, there are no affidavits, interrogatories, *etc.* to support the allegation, and the Debtor cannot merely rest on the allegations, FRCP 56.

Any of the preceding grounds are sufficient to deny the discharge *in toto.* Summary judgment is granted with respect to each of them, and the Debtor will be denied a discharge.

There is no dispute with respect to the amount of debt that is owed. The complaint alleges that amount to be $305,-505.91; a proof of claim was filed in that amount. Although paragraph 12 of the answer denies the allegation that the sum is due and owing, the schedules filed by the Debtor admit the indebtedness and admit that this sum was reduced to judgment. The contention of the indebtedness is not even addressed in the memorandum that the Debtor filed in response to the motion for summary judgment. Since the Debtor admitted the exact amount of the indebtedness in his schedules, and since the only other reference to the indebtedness is the denial in the answer, and since Rule 56 specifically says that the Debtor cannot rest on the allegations of his pleadings if the indebtedness is supported by the case record, it is clear that there can be no dispute as to this item, and summary judgment is awarded with respect to it.

6. *In the Matter of Mascolo,* 505 F.2d 274 (1st Cir., 1974); *In re Chimento,* 43 B.R. 401 (Bkrtcy., N.D.Ohio, 1984); *In re Bernson,* 15 B.R. 100 (Bkrtcy., S.D.Fla., 1981).

7. *In re Short,* 60 B.R. 951, Bankruptcy Adversary # 84–0099, Middle District of Louisiana. In the opinion affirming this Court's conclusion in that regard, the United States District Court stated:
"The debtor's explanation of some of the items, standing alone, may have been sufficient to refute inference of intent 'to hinder, to delay, or to defraud,' but the combination of these events, as evaluated throughout the case by the bankruptcy judge, is clearly sufficient to support his factual conclusions."
In the case at bar, the conclusion is even more compelling since there is no "Debtor's explanation." *See also* cases holding that a reckless disregard for complete schedules is sufficient: *In re Diorio,* 407 F.2d 1330 (2d Cir., 1969); *In re Mazzola,* 4 B.R. 179 (Bkrtcy., D.Mass., 1980); *In re Diodati,* 9 B.R. 804 (Bkrtcy., D.Maine, 1981); *Matter of Reed,* 700 F.2d 986 (5th Cir., 1983); *Farmer's Co-op Association v. Strunk,* 671 F.2d 391 (10th Cir., 1982).

Complainant shall supply the appropriate judgment.