**In re Linda L. GAULT, Debtor.**

**SEARS, ROEBUCK & COMPANY, Plaintiff,**

v.

**Linda L. GAULT, Defendant.**

**Bankruptcy No. 3–84–00547. Adv. P. No. 3–87–0190.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 8, 1988.

---

Alice H. Murray, Dayton, Ohio, for plaintiff.

Augustus L. Ross, III, West Alexandria, Ohio, for defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER SETTING TRIAL

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a Motion of Sears, Roebuck and Company (Plaintiff) for summary judgment against Linda L. Gault (Defendant–Debtor). For Sears to prevail, it must be shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). From the pleadings and moving papers of the parties, the following facts appear undisputed:

1) On June 14, 1984 Debtor signed a Sears Charge Account Agreement which provides that Sears retains a security interest in goods purchased on credit by Debtor from Sears;

2) On June 18, 1984 Debtor used her Sears Charge Account to purchase a garden tractor and mowing deck from Plaintiff for $2,139.98;

3) Sears subsequently filed a financing statement covering the garden tractor with the Recorder's Office in Preble County, Ohio;

4) During, or near, June of 1986 the mower "broke down" and Debtor, without Sear's consent, traded the mower to a third party for a push mower, which Debtor values at $30.00.

Sears contends that Debtor's obligation to it is nondischargeable under Section 523(a)(6) of the Bankruptcy Code because Debtor's actions constitute a "willful and malicious injury" to its collateral. In order to grant summary judgment to Sears on the basis of the bare facts outlined above, this court would be required to hold that any unauthorized transfer of an item subject to a security agreement is *per se* nondischargeable under 11 U.S.C. § 523(a)(6). Although this court's circuit court of appeals has indicated that willful and malicious injury does not require an act with intent to cause injury, but merely an intentional act that results in injury, *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987), this court does not believe that *Perkins* requires application of a *per se* rule in the instant matter.

In *Perkins* the court relies, in part, upon a passage from *Collier on Bankruptcy*, which states in part that "a wrongful act done intentionally, which necessarily produces harm and *is without just cause or excuse, may* constitute a willful and malicious injury." 3 *Collier on Bankruptcy* 523–111 (15th ed. 1986). (Emphasis Supplied) In this court's view summary judgment is inappropriate at this time because of the court's need to evaluate all of the facts and circumstances surrounding Debtor's transfer of the tractor in determining whether just cause or excuse existed for the transfer. Although conversion of another's property without his knowledge or consent may amount to a willful and malicious injury, this court agrees with the observation of *Collier on Bankruptcy* that "a technical conversion may very well lack any element of willfulness or maliciousness necessary to except the liability from dis-

**470**

charge." 3 *Collier on Bankruptcy* 523–113, 114 (15th ed. 1987). Such a result appears consistent with one of the fundamental tenets of bankruptcy law that an "honest" debtor should be relieved of her debts.

In addition to the court's need for a more elaborate factual presentation of Debtor's actions, it appears that the value of the garden tractor at the time of transfer is material. Although Debtor states by way of affidavit that she transferred the tractor for a *push mower worth $30.00,* the court cannot determine whether the debtor is maintaining that this was also the value of the garden tractor at the time of the trade. As a general rule, where conversion has been proved, the "liability arising from this conversion is measured by the fair and reasonable market value of the property converted." *Thorp Credit and Thrift Co. v. Pommerer (In re Pommerer),* 10 B.R. 935, 941 (Bankr.Minn.1981). *See also Credithrift of America, Inc. v. Howard (In re Howard),* 6 B.R. 256 (Bankr.M.D.Fla.1980). However, if it is not possible to determine the value of the collateral at the time of the transfer because of a debtor's actions, then the entire balance of the debt is subject to being found nondischargeable. *Trust Company Bank of Cobb County v. Ricketts (In re Ricketts),* 16 B.R. 833 (Bankr.N.D.Ga.1982).

Because of the lack of sufficient facts to enable the court to evaluate the actions of Debtor and to reach a legal conclusion regarding those actions, and because of the unknown value of the garden tractor at the time of its transfer to a third party, plaintiff's motion for summary judgment is DENIED.

It is further ORDERED that this proceeding is set for trial on April 20, 1988 at 9:30 A.M. for an approximate duration of two hours.