**In re Jason Andrew BURNSIDE, Debtor.**

**AMERICAN GENERAL FINANCE, INC., Plaintiff,**

**v.**

**Jason Andrew BURNSIDE, Defendant.**

**Bankruptcy No. 96–3046.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Jan. 21, 1997.

Richard J. Szczepaniak, Toledo, OH, for Plaintiff.

Russell Hopkins, Toledo, OH, for Defendant.

## MEMORANDUM OPINION
## AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Defendant's Motion for Summary Judgment and upon Plaintiff's Response. The Court has reviewed the arguments of counsel, exhibits, as well as the entire record of the case. Based upon this review, and for the following reasons, this Court finds that genuine issues of material fact exist and Defendant's Summary Judgment Motion should be denied.

### FACTS

On October 11, 1994, Defendant obtained a loan from Plaintiff to be repaid in forty-two monthly installments. To secure the loan the Defendant pledged certain items of his per-

sonal property. This pledge included a purchase money security interest in a three piece table and three piece living room set, a Ben Pearson Bow, a Remington 870 shotgun, and a Panasonic video cassette recorder. On October 27, 1995, the Defendant filed bankruptcy under Chapter 7 of the Bankruptcy Code. At the first meeting of creditors the Defendant stated that he no longer had in his possession the three piece table and three piece living room set. He testified that these items were now in the possession of his former girlfriend, whom he allowed to retain the items upon the dissolution of their relationship. Plaintiff has been unable to locate the former girlfriend. The date of the property transfer to Ms. Rogers is unspecified. The Defendant retained possession of the other items of collateral, and an arrangement between the Defendant and the Plaintiff has been made regarding these items.

Plaintiff brings the present adversary proceeding to either have the underlying debt determined nondischargeable, or to have the Defendant's discharge denied in full, due to the misappropriation of the collateral. Defendant has filed the present Motion for Summary Judgment claiming that the Plaintiff has not shown a material issue of fact for trial, and that these facts do not support either a denial of discharge or the nondischargeability of this particular debt.

## LAW

The Bankruptcy Code, 11 U.S.C. § 101, et seq., provides in pertinent part:

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this section does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

**11 U.S.C. § 727. Discharge**

(a) The court shall grant the debtor a discharge, unless—

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated,

or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case under this title or under the Bankruptcy Act, concerning an insider.

The Bankruptcy Rules provide in pertinent part:

**Rule 7056. Summary Judgment**

Rule 56 F. R. Civ. P. applies in adversary proceedings.

The Federal Rules of Civil Procedure provide in pertinent part:

**Rule 56. Summary Judgment**

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters state therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's repose, by affidavits or as otherwise in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

## DISCUSSION

Determinations concerning the dischargeability of a debt and objections to discharge are core proceedings pursuant to 28 U.S.C. § 157(b)(2). Thus, this case is a core proceeding.

This case is presented to the Court upon the Defendant's Motion for Summary Judgment. A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d

538 (1986). See also *In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

Plaintiff brings this action under two sections of the Bankruptcy Code, both based upon the Defendant's alleged misappropriation of its collateral. Plaintiff alleges that the misappropriation is grounds for the denial of the Defendant's discharge pursuant to § 727(a)(2)(A), or alternatively that Defendant's individual debt to Plaintiff is nondischargeable pursuant to § 523(a)(6). In his Motion for Summary Judgment, Defendant claims to be entitled to summary judgment on both counts.

■■■ Defendant claims that disposition of security items prior to the bankruptcy is not a ground for denial of discharge. An objection to discharge under § 727(a)(2)(A) is of grave significance since it involves an objection to the discharge of all the debtor's debts. The provisions denying a discharge to a debtor are generally construed liberally in favor of the debtor and strictly against the creditor. 4 Collier on Bankruptcy § 727.01A (15th ed.1996), citing *In re Adlman,* 541 F.2d 999 (2d Cir.1976); *In the Matter of Decker,* 595 F.2d 185 (3d Cir.1979); *Friendly Finance Discount Corp. v. Jones,* 490 F.2d 452 (5th Cir.1974); *O'Brien v. Terkel,* 7 B.R. 801 (Bankr.S.D.Fla.1980); *In re Mendoza,* 16 B.R. 990 (Bankr.S.D.Cal.1982); *In re Burgess,* 955 F.2d 134, 136–7 (1st Cir.1992); *In re Bodenstein,* 168 B.R. 23 (Bankr.E.D.N.Y. 1994). In this regard, courts have noted that a total bar to discharge is an extreme penalty. *Id.,* quoting *Rosen v. Bezner,* 996 F.2d 1527 (3rd Cir.1993). While the law favors discharges in bankruptcy, it will not ordinarily tolerate the debtor's intentional departure from honest business practices where there is a reasonable likelihood of prejudice. *Id.,* quoting *Kentile Floors Inc. v. Winham,* 440 F.2d 1128 (9th Cir.1971).

■■■ The elements of a causes of action under § 727(a)(2)(A) have been stated as follows:

(1) that the act complained of was done at a time subsequent to one year before the date of the filing of the petition,

(2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with the custody of the property under the Bankruptcy Code,

(3) that the transfer was an act of the debtor or his duly authorized agent, [and]

■ that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting these acts to be done.

4 *Collier on Bankruptcy* §§ 727.02,727–12 (Fifteenth Edition 1995). Findings of actual intent may be inferred from the circumstantial evidence surrounding the transfer. *Id.* at 727–16. See also *In re Kolbfleisch,* 97 B.R. 351 (Bankr.N.D.Ohio 1989), which outlines a similar list of elements. Exceptions to discharge under § 727 require proof by a preponderance of the evidence. *In re Adams,* 31 F.3d 389 (6th Cir.1994), cert. den. 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995). A Bankruptcy Court's finding of hindrance, delay, or fraud is a factual finding reviewed under the clearly erroneous standard. *Id.* at 393.

■ Defendant argues that a debtor's prepetition disposition of a secured creditor's collateral can never be grounds for the denial of discharge. This Court believes that in appropriate circumstances the misappropriation of a secured creditor's collateral can be grounds for denial of discharge, as long as the requisite elements of a § 727(a)(2)(A) have been shown.

■ A split of authority exists as to whether the disposition of a secured creditor's collateral can be considered grounds for denial of discharge. Some courts have held that secured collateral is not "property of the debtor" per § 727(a)(2)(A). See *In re Jones,* 97 B.R. 36, 38 (Bankr.D.Mont.1989); *In re MacDonald,* 50 B.R. 255, 258 (Bankr.D.Mass. 1985); *In re Harris,* 8 B.R. 88, 91 (Bankr. M.D.Tenn.1980); *In re McCloud,* 7 B.R. 819, 822 (Bankr.M.D.Tenn.1980). This Court believes that "property of the debtor" is defined more broadly in the context of the Bankruptcy Code. "It is clear that ... 'property of the debtor' includes property of which the debtor has possession, either actual or constructive. It is not limited to property title to which is in the debtor." *In the Matter of Kassuba,* 396 F.Supp. 324, 325 (N.D.Ill.1975), citing *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940).

■ Further, a greater weight of authority holds that injury to creditors is irrelevant when deciding whether to deny a discharge based on a debtor's effort to defraud a creditor. See *In re Davis,* 911 F.2d 560, 561 (11th Cir.1990); *In re Adeeb,* 787 F.2d 1339, 1343 (9th Cir.1986); *In re Feynman,* 77 F.2d 320, 322 (2d Cir.1935); *In re Steinberg,* 4 B.R. 593, 597 (Bankr.D.Mass.1980). Thus, when a debtor attempts to defraud creditors by concealing or transferring property, it is irrelevant whether the fair market value of the property exceed any mortgages and liens which may be on the property.

Finally, the Sixth Circuit has recently had the opportunity to address the scenario where a secured creditor's collateral is misappropriated and a denial of discharge is sought in *In re Adams,* 31 F.3d 389 (6th Cir.1994), *cert. den.* 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995). In *Adams,* the Court upheld the denial of the debtors' discharge under both § 727(a)(2)(A) and § 727(a)(2)(B). The § 727(a)(2)(A) claim was based upon the debtors' pre-petition misappropriation of inventory and accounts receivable in which a creditor had a secured interest. The debtors argued that because the accounts receivable and inventory were property of the corporation they owned, it was not "property of the debtor" as required for a claim under § 727(a)(2)(A). The District Court found, and the Sixth Circuit agreed, that the corporation was an insider pursuant to § 727(a)(7), so the § 727(a)(2)(A) prohibition applied. See also the District Court's opinion, *Barclays/American Bus. Credit, Inc. v. Adams,* 171 B.R. 298, 302 (W.D.Tenn. 1992). Underlying this holding was the undisputed assumption that the debtors conversion of the secured creditor's collateral could constitute a violation of § 727(a)(2)(A).

The Defendant cites *In re Imbody,* 104 B.R. 830 (Bankr.N.D.Ohio 1989), claiming that this Court has held that the disposition of security items prior to filing bankruptcy is not grounds to deny discharge. Defendant misstates the holding of that case. In *Imbody,* the creditor's complaint arose from the debtor's failure to apply all of the money from the sale of crops toward the satisfaction of the creditor's crop lien. *Id.* at 834. This Court noted that the creditor's § 727(a)(2) allegation was a very close call, and very reluctantly allowed the debtor to discharge his other debts. *Id.* at 842.

■ In the case at bar, the Defendant testified that his former girlfriend now has possession of the collateral at issue. Though the Plaintiff will still need to make the necessary showing of all the elements of a claim under § 727(a)(2)(A), including intent to defraud, this Court nevertheless finds that it has made a sufficient showing of a genuine issue of material fact so as to warrant the denial of the Defendant's Motion for Summary Judgment on this issue. While the time frame between the disposition of the collateral and the filing of the bankruptcy petition makes summary judgment on this issue a close call, this Court finds that the Defendant's explanation at trial of the circumstances surrounding the disposition of the collateral will nevertheless be material.

In his brief Defendant mistakenly assumes that the Plaintiff must prove his case upon summary judgment as he would at trial. While the Plaintiff must show more than a metaphysical possibility of the elements of its case, see *Matsushita,* 475 U.S. at 586–88, 106 S.Ct. at 1356, the Plaintiff must only show that a genuine issue of material fact exists for trial. *Anderson,* 477 U.S. at 249–51, 106 S.Ct. at 2511 (1986). Plaintiff has shown that this issue exists, and a trial is necessary to make the required factual determination.

Plaintiff also alleges that the debt to it is nondischargeable under § 523(a)(6). The Sixth Circuit has explained this exception to discharge of a particular debt as follows:

In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to an injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

*Perkins v. Scharffe,* 817 F.2d 392 (6th Cir. 1987) citing 3 Collier on Bankruptcy 523–111 (15th ed.1986). The burden of proof for all dischargeability exception is the preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 279–80, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991).

■ In *In re Cecchini,* 780 F.2d 1440 (9th Cir.1986), the Ninth Circuit adopted the same definition of willful and malicious found in *Collier* (3 Collier on Bankruptcy § 523.16 at 523–118 (15th ed.1983)) as was adopted by the Sixth Circuit in *Perkins. Id.* at 1443. The *Cecchini* Court further followed *Collier* and held that "the conversion of another's property without his knowledge or consent, done intentionally and without justification or excuse, to the other's injury, is a willful and malicious injury within the meaning of the exception." *Id.,* citing 3 Collier on Bankruptcy, § 523.15[1] at 523–120 (15th ed.1983).

■ The inclusion of conversion as a basis for a 523(a)(6) claim could be extended to the misappropriation of a secured creditor's collateral. As this Court has explained:

A substantial number of cases have addressed the dischargeability of obligations secured by collateral which has been converted. In these cases, the courts have used various criteria to determine whether there has been a "willful and malicious" injury to a creditor's security interest. Under the *Perkins* standard, it appears that no personal animosity toward the creditor is necessary for the injury to be held "malicious." *In re Gault,* 83 B.R. 468, 469 (Bankr.S.D.Ohio 1988); *see also, In re Cecchini,* 780 F.2d 1440, 1442 (9th Cir. 1986). Thus, as was stated in *Perkins,* "a wrongful act done intentionally, which necessarily produces harm, and is without just cause or excuse, may constitute a willful and malicious injury." *Perkins,* 817 F.2d at 394.

Other courts have adopted different tests for determining whether a conversion is "malicious." For example, in *In re Beasley,* the court established a three prong inquiry:

(1) Has the debtor sold secured property?

(2) Has the debtor used the proceeds?

(3) Has the debtor failed to demonstrate that the use was for the benefit of the estate or for some necessary purpose?

*In re Beasley,* 62 B.R. 653, 655 (Bankr. W.D.Mo.1986).

Though standard tests, such as the one set forth in *Beasley,* can be a very useful tool, this Court will review the overall facts and circumstances of the case in making its decision under *Perkins.* While "tests" can provide a focus for the Court's inquiry, under § 523(a)(6), there should be no predetermined criteria for what may cause "just cause or excuse." *See, In re Gault,* 83 B.R. 468, 469 (Bankr.S.D.Ohio 1988); *In re Sindic,* 44 B.R. 167, 171 (Bankr. E.D.Wis.1984).

*In re Imbody,* 104 B.R. 830, 837 (Bankr. N.D.Ohio 1989).

■ In this case it is clear that there exists a genuine issue of material fact for trial. Plaintiff has shown through the Defendant's own testimony that collateral was disposed of in violation of the security agreement. Defendant clearly cannot prevail upon summary judgment, as a genuine issue is clearly shown under § 523(a)(6). Indeed, this Court has previously held that it was immaterial if a debtor's spouse, who had not signed the Security Agreement, deprived a debtor of collateral. *In re Suydam,* 151 B.R. 436, 439–40 (Bankr.N.D.Ohio 1992).

For all these reasons, this Court concludes that the Defendant's Motion for Summary Judgment should be denied. In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

***ORDERED*** that the Motion for Summary Judgment of Jason Andrew Burnside be, and is hereby, DENIED.

It is ***FURTHER ORDERED*** that a Trial will be held on Friday, February 28, 1997, at 10:00 A.M. in Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

It is ***FURTHER ORDERED*** that Pre–Trial Briefs, lists of witness, and lists of

exhibits *shall be filed* with the Court and exchanged by the parties on or before February 18, 1997, by 4:00 P.M. *Any failure to timely file such items may result in sanctions being imposed by the Court, witnesses or exhibits being disallowed from introduction at Trial, and/or the Trial being continued upon the Court's own motion.*