In re Charles TRAMMELL.

William S. MEEKS, Trustee, Plaintiff,

v.

Charles TRAMMELL, Defendant.

Bankruptcy No. 92–14213 S.
Adv. No. 93–4514.

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

May 17, 1996.

See also 172 B.R. 41.

9022.

William S. Meeks, Trustee, Prescott, AR.

Arnold, Hamilton & Streetman, Hamburg, AR, for trustee.

Charles Trammell, Prescott, AR, pro se.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Summary Judgment filed by the trustee on March 13, 1996. The complaint objects to the debtor's discharge, citing 11 U.S.C. §§ 727(a)(2)(A), (B), 727(a)(3), 727(a)(4)(A)(D), asserting that the debtor transferred property pre- and post-petition, lied under oath on his bankruptcy schedules and at the section 341(a) meeting, failed to keep adequate records, and withheld information from the trustee. The motion for summary judgment submits as proof the debtor's testimony at the section 341(a) meeting, this Court's prior findings of fact in *Carter v. Trammell* 172 B.R. 41 (Bankr. W.D.Ark.1994), *appeal dismissed,* No. 94–4099 (W.D.Ark. Nov. 4, 1994), portions of the transcript in the *Carter v. Trammell* trial, documents of title, and the debtor's schedules.

Upon a notice and opportunity to respond issued by the Court, the debtor defendant filed a response, the body of which stated in its entirety:

1. The Debtor has no objection to the incorporation of Exhibits 1–5 which were attached to the Trustee's Motion for Summary Judgment. The Debtor further has no objection to the Court taking judicial notice of the facts contained in the Exhibits.

2. The Debtor would show the Court that he filed this Chapter 7 Bankruptcy case seeking a discharge and therefore does not agree that a judgment should be entered denying discharge. However, the Debtor acknowledges that certain Orders have been entered in this case previously which have not been appealed and which are now final. *The Debtor does not wish to submit any further factual information or have a hearing in that regard and the Debtor does not wish to submit further legal briefs.* The Debtor therefore would leave the decision as to the granting or denial of the Motion for Summary Judgment to the discretion of the Court based upon the record as it now stands. (Emphasis added.)

■ Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

■ After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Of course, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation,* 805 F.2d 342, 346 (10th Cir.1986).

■ The Court finds that the trustee has sustained his burden with regard to section 727(a)(2). In order to meet his burden under 727(a)(2)(A), trustee must show:

(1) a transfer or concealment of property occurred;

(2) the property was property of the debtor;

(3) the transfer occurred within one year of the filing of the petition; and

(4) the debtor had, at the time of the transfer, intent to hinder, delay or defraud a creditor.

*In re Hodge,* 92 B.R. 919 (Bankr.D.Kan. 1988). The trustee has demonstrated, and the debtor failed to rebut, that several transfers of the debtor's property occurred within one-year prior to the filing of the bankruptcy case. Each such transfer constitutes a separate ground for denial of discharge.

As of mid-year 1992, Charles Trammell owned two automobiles, a 1985 Oldsmobile and a 1985 Lincoln Town Car. On the date of the bankruptcy filing, December 9, 1992, these automobiles were titled in his daughter's name.[1] The evidence presented by the trustee demonstrates that the transfers were made with the intent to deceive, hinder and delay his creditors. Indeed, the debtor testified that he transferred the vehicles in anticipation of a creditor attempting to reach those assets, thereby admitting to his fraudulent intent. Accordingly, the trustee has met his burden of proof as a matter of law with regard to these two transfers of property.

---

**1.** The debtor did not list the transfers in his petition, did not list any vehicles on his schedules and denied owning any vehicles at his section 341(a) meeting.

In addition to these transfers, the debtor concealed the fact that wages or accounts were due to him. As this Court has previously found:

> In September 1992, before the judgment was entered, and in an attempt to evade the import of the consent judgment and the [state] court's order, Trammell approached "his" principal client, Carpenter Steel, and offered a deal: Trammell would perform the accounting work for free, but would receive a "loan" from Carpenter Steel. Carpenter Steel would "lend" money to Trammell "until such time as the contract or the commitment would expire." No interest rate was discussed. The express intent of the agreement was to avoid paying anything to Carter pursuant to the judgment.

*Carter v. Trammell,* 172 B.R. at 43–44. Accordingly, those wages or accounts that were due on the filing of the petition were property of the estate but were concealed from the trustee and creditors with the requisite intent to hinder, delay, and defraud.

In each of these instances, the evidence is overwhelming that the debtor had the proscribed intent to defraud his creditors. He admitted in prior testimony that his purpose was to remove these assets from the reach of his creditors and avoid payment of his debts. Indeed, the evidence is so overwhelming that debtor does not even attempt to rebut the trustee's evidence. He thus had the actual intent to defraud as well as the intent proscribed by statute, an intent sufficiently abusive to merit denial of discharge. *See In re Graham,* 111 B.R. 801, 805 (Bankr.E.D.Ark. 1990).

Charles Trammell is precisely the debtor for whom the exceptions listed in section 727(a) were created. When he filed his petition, he was not a man in need of bankruptcy relief, but, rather, sought to use the Bankruptcy Code to thwart his creditors. He made contracts but maliciously chose to breach them; he consented to judgment but took possibly illegal measures [2] to halt the court ordered collection method. Denial of

discharge is merited under section 727(a)(2)(A) on three separate grounds. In light of the overwhelming nature of the evidence and the debtor's failure and unwillingness [3] to even attempt to rebut the evidence, it is unnecessary to address the remainder of the trustee's causes. Accordingly, it is

**ORDERED** that the Trustee's Motion for Summary Judgment, filed on March 13, 1996, is GRANTED. Separate judgment shall be entered denying debtor's discharge.

**IT IS SO ORDERED.**

---

**2.** For example, it is unclear that Trammel properly reported his "loans" as "income" on his tax returns.

**3.** *See* debtor's Response to Motion for Summary Judgment, filed April 8, 1996, *supra.*