**In re Mahmoud S. KABLAOUI, Debtor.**

**Norma NAJJAR, Plaintiff,**

**v.**

**Mahmoud S. KABLAOUI, Defendant.**

**Bankruptcy No. 93–32705.**
**Adv. No. 95–7018.**

United States Bankruptcy Court,
S.D. New York.

June 12, 1996.

Thomas Genova, Klein & Genova, New-burgh, NY, for Plaintiff–Movant.

Lewis D. Wrobel, Poughkeepsie, NY, for Debtor–Defendant.

## DECISION ON MOTION FOR SUMMARY JUDGMENT DENYING DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A)

JEREMIAH E. BERK, Bankruptcy Judge.

### I. INTRODUCTION

The Debtor, Mahmoud S. Kablaoui ("Debtor"), filed for relief under Chapter 11 of the Bankruptcy Code (the "Code") on December 10, 1993. His case was converted to Chapter 7 on December 2, 1994. This adversary proceeding was commenced on March 16, 1995 by Norma Najjar ("Plaintiff") seeking to deny the Debtor's discharge pursuant to sections 727(a)(2)(A) and (a)(5) of the Code.[1] Plaintiff filed the instant motion on October 20, 1995 seeking summary judgment on the section 727(a)(2)(A) claim. A hearing on the motion was held on November 2, 1995, and an evidentiary hearing, pursuant to Federal Rule of Civil Procedure 43(e),[2] was held on February 28, 1996.

---

1. Subject matter jurisdiction over this proceeding arises pursuant to 28 U.S.C. §§ 1334(b), 157(a) and the "Standing Order of Referral of Cases to Bankruptcy Judges of the Southern District of New York" dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2. Federal Rule of Civil Procedure 43(e) provides: "Evidence on Motions. When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition." The Second Circuit Court of Appeals has held that Rule 43(e) can be used to hear motions for summary judgment. *Argus, Inc. v. Eastman Kodak*, 801 F.2d 38, 42 n. 2 (2d Cir.1986), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). While unusual, it is not impossible for a plaintiff objecting to a debtor's discharge to establish all of the necessary fraud elements, including that of intent, on a motion for summary judgment. Although all of the uncontroverted findings of fact in this proceeding are "of record," a hearing pursuant to FRCP 43(e) was scheduled to allow the Debtor an opportunity to offer testimony to explain his prepetition transfer of assets.

## II. FACTS

The Debtor owned three parcels of real property in New York State prior to filing for Chapter 11 relief. These parcels are identified as: (1) a 7.5 acre parcel of unimproved land (the "7.5 acre parcel") located in the Town of Wappingers, Dutchess County; (2) a 40 acre parcel of unimproved real property (the "40 acre parcel") located in the Town of Wappingers, Dutchess County; and (3) a two-family residence (the "residence") located in Wallkill, Ulster County. The Debtor transferred these parcels to family members prior to filing for bankruptcy. Plaintiff's motion for summary judgment alleges that these parcels were transferred with actual intent to hinder, delay, or defraud within one year of Debtor's bankruptcy petition and, therefore, the Debtor's discharge should be denied.

The following undisputed facts were obtained from the statements submitted pursuant to S.D.N.Y. Local Bankruptcy Rule 13(h),[3] and were not disputed at the evidentiary hearing held on February 28, 1996.

### 1. The 7.5 Acre Parcel

On August 18, 1993, the Debtor transferred his interest in the 7.5 acre parcel to his son, Edward, for which he received no consideration. Nevertheless, the Debtor, with other family members, still intends to develop the 7.5 acre parcel if market conditions permit. The Debtor has entered into an agreement with his brother to share equally in any profit made from the development and sale of the 7.5 acre parcel. Prior to filing the Chapter 11 petition, the Debtor

obtained approval from the Town of Wappingers to develop the 7.5 acre parcel, but that approval had expired before the property was developed.

### 2. The 40 Acre Parcel

On August 18, 1993, the Debtor transferred his interest in the 40 acre parcel to his cousin, Nasouhi Kablaoui, receiving no consideration for this transfer. The Debtor, with other family members, still intends to develop the 40 acre parcel if market conditions permit. He intends to file an application for approval to develop the 40 acre parcel with the zoning board for the Town of Wappingers.

### 3. The Residence

Again on August 18, 1993, the Debtor transferred his interest in the two-family residence to his son, Edward, likewise receiving no consideration for this transfer. The Debtor did not dispute that he retained a beneficial interest in the residence. The residence had value in excess of liens and encumbrances.

### 4. Circumstances Surrounding the Transfers

At the time of the transfers on August 18, 1993, the Debtor knew that Key Bank had commenced an action to recover on a note and that it had obtained a judgment against him in the sum of $249,000 in July 1993. Further, he was aware that Key Bank was attempting to execute on its judgment, which

---

**3.** S.D.N.Y. Local Bankruptcy Rule 13(h) provides:

> *Summary Judgment.* On any motion for summary judgment pursuant to Bankruptcy Rule 7056, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried.

> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

S.D.N.Y. LBR 13(h) (LBR 13(h) has been renumbered, effective April 10, 1996, as LBR 7056–1).

Plaintiff filed "Plaintiff's Statement of Facts Pursuant to Local Rule 13(h)" on October 20, 1995 and "Plaintiff's Supplemental Statement of Facts Pursuant to Local Rule 13(h)" on December 21, 1995. Defendant filed "Defendant's Statement Pursuant to Local Rule 13(h)" on December 7, 1995 and "Defendant's Supplemental Statement Pursuant to Local Rule 13(h)" on March 29, 1995.

it had recently filed with the Albany County Clerk.

## III. DISCUSSION

### 1. *Summary Judgment*

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added).

On a motion for summary judgment, plaintiff must gather the evidence establishing all the elements of its claim, and must show the lack of evidence denying the existence of the elements. *United Mortgage Corp. v. Mathern (In re Mathern)*, 137 B.R. 311, 314 (Bankr.D.Minn.1992). When the moving party has carried its burden under Federal Rule of Civil Procedure 56(c), the non-moving party must come forward with evidence to counter the claim or defense in question. This responsive evidence "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The court must then determine whether there is a genuine issue for trial, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), viewing the evidence in a light most favorable to the non-moving party.

### 2. *Standard of Proof*

A creditor bears the burden of proving the elements of an objection to discharge under 727(a)(2)(A) by a "preponderance" of the evidence. *First Nat'l Bank v. Serafini (In re Serafini)*, 938 F.2d 1156, 1157 (10th Cir.1991) (applying *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) to section 727(a) claims). *Contra Barr v. Overmyer (In re Overmyer)*, 121 B.R. 272, 279–80 (Bankr.S.D.N.Y.1990) (clear and convincing standard applied to section 727(a) claim). Once the objecting creditor establishes its prima facie case by a preponderance of the evidence, the burden shifts to the debtor to explain why the discharge should be granted.

### 3. *Section 727(a)(2)(A)*

Section 727(a)(2)(A) of the Code provides:

> (a) The court shall grant the debtor a discharge, unless—
>
> . . . .
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition. . . .

11 U.S.C. § 727(a)(2)(A).

To prevail under section 727(a)(2)(A) of the Code, a plaintiff must show, by a preponderance of the evidence, that: (1) the debtor transferred property; (2) said property belongs to the debtor; (3) the transfer occurred with actual intent to hinder, delay, or defraud; and (4) the transfer occurred within one year prior to filing for bankruptcy. *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir.1986).

From the LBR 13(h) statement, the filed pleadings, the affidavits in support of and in opposition to this motion, and the evidentiary hearing held on February 28, 1996, elements "2" and "4" of Plaintiff's section 727(a)(2)(A) claim have been established and no genuine issue of material fact exists as to them. The Debtor has admitted his ownership interest in the transferred property, and that the transfers occurred within one year prior to his bankruptcy filing.

### a. *"Transfer" Under Section 727(a)(2)(A)*

The Debtor argues that the first element of Plaintiff's section 727(a)(2)(A) claim—the "transfer" of property—is not satisfied when the Debtor discloses the prepetition transfers and ultimately conveys the property back to the bankruptcy estate.

In *Martin v. Bajgar (In re Bajgar)*, 186 B.R. 5 (Bankr.D.Mass.1995), a discharge was granted even though plaintiff established that the debtor had transferred his property fraudulently within one year of filing for bankruptcy. *Id.* at 7. The court found that the debtor's disclosure of the transfer in the schedules filed with his bankruptcy petition coupled with his intent to reconvey the transferred property, which intent was expressed at the section 341(a) meeting of creditors, was sufficient to deny the objection to discharge under section 727(a)(2)(A). *Id.* at 9. Here too, the Debtor had disclosed the transfers of property in the schedules filed with his bankruptcy petition. Also, postpetition the Debtor returned (or is in the process of returning) all of the transferred parcels to the estate.

The court in *Bajgar*, however, relied on the Ninth Circuit Court of Appeals decision in *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339 (9th Cir.1986), which interpreted the term "transfer" under section 727(a)(2)(A) to mean "transferred and remained transferred." *Id.* at 1344. The Ninth Circuit concluded, however, that the mere disclosure of a fraudulent prebankruptcy transfer of property is not a defense to a section 727(a)(2)(A) claim. *Id.* at 1345. The debtor's discharge may be granted only if "he reveals the transfers to his creditors, [and] recovers substantially all of the property *before* he files his bankruptcy petition...." *Id.* (emphasis added). Here, the Debtor did not attempt to recover any of the transferred property before filing for bankruptcy. Thus, these transfers were not "undone" under the Ninth Circuit's definition of "transfer."

The Eleventh Circuit, in *Davis v. Davis (In re Davis)*, 911 F.2d 560, 562 (11th Cir. 1990), rejected the approach taken by the Ninth Circuit in *Adeeb*. The debtor in *Davis* had recovered all fraudulently transferred property before filing for bankruptcy. According to the Eleventh Circuit, a discharge may be denied under section 727(a)(2)(A) even if the debtor recovers fraudulently transferred property prior to filing for bankruptcy. *Id.* The court concluded that the statutory language of section 727(a)(2)(A) is plain and unambiguous.

> Congress certainly was capable of drafting a statute which would deny a discharge only when assets were fraudulently transferred and remained transferred at the time of filing the bankruptcy proceedings, but it did not. We are a court and not a legislative body; therefore, we are not free to create by interpretation an exception in a statute which is plain on its face.

*Id.*

Under either the Ninth or Eleventh Circuit decisions, Debtor's argument fails. The Ninth Circuit requires actual reconveyance of the fraudulently transferred property before the bankruptcy filing, while the Eleventh Circuit wholly rejects the debtor's subsequent reconveyance of the fraudulently transferred property as a defense to a section 727(a)(2)(A) action. Thus, the first element of Plaintiff's claim—the transfer of property—is satisfied.

### b. Actual Intent

The third element—actual intent to hinder, delay, or defraud—may be satisfied from the facts and circumstances of the case. The intent must be actual, as distinguished from constructive, intent. *Bank of Pennsylvania v. Adlman (In re Adlman)*, 541 F.2d 999, 1003 (2d Cir.1976). *Cf.* 11 U.S.C. § 548(a)(2). Although actual intent must be shown, it may be established by circumstantial evidence or inferred from the debtor's conduct. *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 91 (5th Cir.1989).

Courts have identified various factors evidencing actual intent under 727(a)(2)(A). These factors, the so-called "badges of fraud," include:

1. The lack or inadequacy of consideration received for the transfer;

2. The familial, friendship, or close association between the parties;

3. The retention of possession, benefit, or use of the property in question;

4. The financial condition of the party sought to be charged both before and after the transaction in question;

5. The existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suit by creditors; and

6. The general chronology of the events and the transactions under inquiry.

*Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582–83 (2d Cir.1983).

It has been held that "a presumption of actual fraudulent intent necessary to bar a discharge arises when property is either transferred gratuitously or is transferred to relatives." *Chastant*, 873 F.2d at 91. This presumption establishes plaintiff's prima facie case and shifts the burden of demonstrating that there was no fraudulent intent to the defendant. *Id.*

Here, the three parcels were transferred gratuitously to relatives while the debtor was experiencing financial difficulties and was under threat of property execution and/or salary garnishment by Key Bank. The Debtor transferred his properties to his cousin, Nasouhi Kablaoui, and son, Edward Kablaoui, within one year of filing for bankruptcy. These facts are uncontroverted. Accordingly, Plaintiff's prima facie case as to this fourth element has likewise been established.

Plaintiff presented additional uncontroverted proof to establish Debtor's intent to hinder, delay, or defraud. For example, it is undisputed that the transfers were made during a time when the financial condition of the Debtor was in question—Key Bank had obtained a substantial money judgment in an action on the note and had filed that judgment with the Albany County Clerk. In his affidavit in opposition to the motion for summary judgment, the Debtor admits that his financial condition was in question before and after the transfers. *See* Debtor's Affidavit in Opposition, Dec. 7, 1995, at 2 ¶ 6 ("During the summer and autumn of 1993, your deponent was in negotiations with Key Bank to work out the real estate loan."). When asked why he filed for bankruptcy relief, the Debtor responded: "Because Key Bank went after my salary." *See* (R. at 31.)

Further, the Debtor retained a beneficial interest in the properties transferred and

admitted that he was to share equally in any profits realized from their sale or development. He also admitted that he was scheduled to appear before the zoning board of the Town of Wappingers to discuss plans to develop the 7.5 acre parcel and the 40 acre parcel. Clearly, the Debtor exercised dominion and control over these properties after the transfers.

Accordingly, Plaintiff has established her prima facie case from the uncontroverted facts. These were transfers of the Debtor's property within one year of filing for bankruptcy relief made with actual intent to hinder, delay, or defraud creditors.

*c. Lack of Equity in Fraudulently Transferred Property*

In an attempt to rebut Plaintiff's evidence and to raise an issue of fact, the Debtor disputed the amount of the mortgage due on the 7.5 acre parcel and on the 40 acre parcel. Debtor argues that his alleged lack of equity in the parcels precludes a summary finding for Plaintiff since the bankruptcy estate was not harmed by the transfers.

Although some courts have held that the transfer of property in which the debtor lacks equity cannot constitute a fraudulent transfer, see *Discenza v. MacDonald (In re MacDonald)*, 50 B.R. 255, 259 (Bankr. D.Mass.1985); *Farmers Bank v. McCloud (In re McCloud)*, 7 B.R. 819, 822 (Bankr. M.D.Tenn.1980), our Second Circuit Court of Appeals has held that "once the fraud be proved, it makes no difference that the creditors are not seriously injured." *Feynman v. Rosenthal (In re Feynman)*, 77 F.2d 320, 322 (2d Cir.1935); *see also Davis v. Davis (In re Davis)*, 911 F.2d 560, 561 (11th Cir.1990) (concluding injury to creditors irrelevant when deciding a section 727(a) complaint); *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir.1986) (same). Thus, Debtor's lack of equity in the subject property is not relevant in determining whether the Debtor transferred his property with intent to hinder, delay, or defraud. However, even if equity were required before a transfer might be considered fraudulent, Plaintiff has established that there was equi-

ty in the two-family residence transferred to Debtor's son. *See* (R. at 32–34.)

## IV. CONCLUSION

Plaintiff has established by the uncontroverted facts all of the elements necessary to sustain her objection to Debtor's discharge. A preponderance of evidence exists to support a summary finding of actual fraudulent intent. The Debtor–Defendant has not produced evidence sufficient to defeat Plaintiff's section 727(a)(2)(A) prima facie case. Plaintiff's motion for summary judgment denying the Debtor's discharge under section 727(a)(2)(A) is granted. This decision renders moot Plaintiff's claim under section 727(a)(5) of the Code.