**In re William SOWERS and Jill Sowers, Debtors.**

**John J. Hunter, Trustee, Plaintiff,**

v.

**William Sowers and Jill Sowers, Defendants.**

**Bankruptcy No. 97–3302.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 27, 1998.

John Hunter, Sr., Toledo, OH, trustee.

Curtis J. Koch, Norwalk, OH, for debtors.

### MEMORANDUM OPINION
### AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Plaintiff's Motion for Summary Judgment and Memorandum in Support. The Defendants failed to file a response. The Court has reviewed the arguments of Counsel, the exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be *GRANTED*; and that the Defendants' discharge should be denied pursuant to 11 U.S.C. §§ 727(a)(2)(B) and 727(a)(4)(A).

### FACTS

On August 15, 1997, the Defendants filed a Voluntary Joint Petition for relief under Chapter 7 of the United States Bankruptcy Code. John J. Hunter, the Plaintiff in this action, was appointed as the Trustee. Thereafter, on September 30, 1997, the Trustee examined the Defendants at the "Meeting of Creditors" held pursuant to 11 U.S.C. § 341 (hereinafter " § 341 meeting"). During this examination, the Defendants, while under oath, testified that all the information contained in their bankruptcy schedules was true and accurate. Thereafter, the Trustee began investigating the financial affairs of the Defendants. During his investigation, the Trustee discovered many discrepancies pertaining both to what the Defendants had enumerated in their bankruptcy schedules and to what they had testified to at the § 341 meeting. These inconsistencies were great enough to cause the Trustee, on October 20, 1997, to file a Complaint to Deny the Defendants' Discharge. The Trustee's basis for the Complaint was that the Defendants had violated 11 U.S.C. §§ 727(a)(2)(B) and 727(a)(4)(A) by intentionally attempting to defraud the Trustee.

On October 29, 1997, the Defendants filed their Answer denying the Trustee's allegations. Thereafter, the Trustee continued to investigate the financial affairs of the Defendants, and pursuant to a Pretrial Order entered February 9, 1998, the Trustee kept this Court informed of the investigation through periodic Status Reports. The Trustee's investigation lasted until August 21, 1998, at which time the Trustee filed a Motion for Summary Judgment accompanied by an affidavit and other supporting evidence. The Defendants, however, failed to file a response to the Trustee's Motion. In his Summary Judgment Motion, the Trustee attached a memorandum in support, alleging the Defendants had engaged in several improprieties.

First, the Defendants, at the time of filing for bankruptcy, failed to disclose in their bankruptcy schedules and at the § 341 meeting, an ownership interest they had in the following property: (1) a 1963 Chevrolet Corvette; (2) a Condominium located in Lee County, Florida worth approximately Forty-two Thousand Dollars ($42,000.00); (3) certain tile inventory, supplies and equipment; (4) two accounts receivable totaling Twenty-three Thousand Seven Hundred Sixty-six Dollars ($23,766.00); and (5) a joint credit union account. Second, the Defendants falsely represented to the Trustee at the § 341 meeting that their principal place of residence was subject to a mortgage, when in fact no such mortgage existed. Third, the Defendants falsely testified at the § 341 meeting, that they had received no sales proceeds from the disposition of a parcel of real property located in Bellevue, Ohio. However, according to the Trustee, the Defendants had in fact received sale proceeds in the amount of Three Hundred Eleven Thou-

sand Seven Hundred Ninety and 83/100 Dollars ($311,790.83) on or about May 5, 1997. Finally, the Trustee alleged that the Defendants had attempted to hide assets of the estate by not disclosing in their bankruptcy schedules or at the § 341 meeting, the purchase of One Hundred Forty–Thousand Dollars ($140,000.00) in Travelers Checks which occurred one day before the Defendants filed for bankruptcy.[1]

### *LAW*

11 U.S.C. § 727. Discharge, provides in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(B) property of the estate, after the date of the filing of the petition;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

1. The following evidence was given to this Court in support of these allegations: (1) an Ohio Passenger Registration Card from the State of Ohio Bureau of Motor Vehicles specifying William Sowers as the owner of the Corvette; (2) an affidavit by the Trustee stating that he had personally viewed the Corvette in the Defendants' garage and that the Defendants had taken measures to conceal the vehicle; (3) a Property Data Sheet, naming William and Jill Sowers as the Owner's of Record for the Condominium located in Florida; (4) a copy of a canceled check indicating it was in payment of an account receivable. The check, which was in the amount of Six Thousand Four Hundred Twenty Dollars ($6,420.00), was dated August 29, 1997, and was indorsed and made payable to Bill Sowers; (5) a Joint Account Agreement naming William and Jill Sowers as the owners of a joint checking account; (6) a Settlement Statement for the Bellevue, Ohio property dated April 30, 1997, indicating that the amount due to William and Jill Sowers, as the sellers of the property, was

### *DISCUSSION*

Determinations concerning the denial of discharge are core proceedings pursuant to 28 U.S.C. § 157. Thus, this case is a core proceeding.

### PROCEDURAL CONSIDERATIONS

■ This cause of action comes before this Court upon the Plaintiff's Motion for Summary Judgment, which was filed on August 21, 1998. Under the Local Bankruptcy Rules for the Northern District of Ohio, a party, unless the court orders otherwise, has 10 days in which to respond to a summary judgment motion, with an additional three days permitted if service of process is done by U.S. Mail. Loc.R. 9013–1(b).[2] In the case sub judice, the Defendants have allowed more than 30 days to elapse since the Trustee filed his Motion. Accordingly, this Court must now deem the Defendants as having failed to file a response to the Trustee's Summary Judgment Motion. *See Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 997 (7th Cir.1996).

■ Nevertheless, failure to file a response to a summary judgment motion does not automatically entitle the moving party to a verdict in their favor. To the contrary, if a party fails to respond to a summary judgment motion, the Federal Rules of Bankruptcy Procedure direct a court to only enter summary judgment in favor of the moving

Three Hundred Eleven Thousand Seven Hundred Ninety and 83/100 Dollars ($311,790.83); (7) a Wire Transfer Form, dated May 5, 1997, indicating payment to the Defendants' bank account the sum of Three Hundred Eleven Thousand Seven Hundred Ninety and 83/100 Dollars ($311,-790.83); and (8) copies of U.S. Travelers Checks ordered and signed by Jill Sowers.

2. Local Bankruptcy Rules—Northern District of Ohio 9013–1(b) states, "[u]nless otherwise ordered by the Court, a response memorandum must be filed if the relief sought by a motion or application is opposed. The response shall specifically designate the motion or application to which it responds and, subject to Fed. R .Bankr.P. 9006(f), shall be filed within 10 days from the date of service as set forth on the certificate of service attached to the motion or application. The response shall state with particularity the reasons that the motion or application is opposed."

party if it is "appropriate" under the standards set forth in Fed.R.Civ.P. 56(e). *United States v. One Parcel of Real Property,* 27 F.3d 327, 329 n. 1 (8th Cir.1994); *Mason v. Freestone Sand & Gravel, Inc.,* 212 B.R. 582, 583 (Bankr.E.D.Mich.1997). In this proceeding this means that in order for this Court to grant the Trustee's Motion, and thus deny the Defendants' discharge completely, this Court must make a finding, that as a matter of law, the Defendants' conduct comports with all the elements as set forth in §§ 727(a)(2)(B) or 727(a)(4)(A). *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), Fed.R.Civ.P. 56(c), Fed.R.Bankr.P. 7056. In making this determination this Court will only consider the materials that have been presented to it, including the pleadings, affidavits, motions and the other evidentiary materials that would be admissible at trial. *Lockhart v. Hoenstine,* 411 F.2d 455 (3rd Cir.1969), *certiorari denied* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244; *In re Hanna,* 163 B.R. 918 (Bankr.E.D.N.Y.1994). In addition, all inferences drawn from the underlying facts will be viewed in a light most favorable to the Defendants. *R.E. Cruise Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). *See also In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

■ Any issue concerning the denial of a discharge arising under § 727(a) requires that the burden of proof be placed upon the party objecting to the discharge. This burden will shift to the debtor if the party objecting to the discharge puts forth sufficient evidence to establish a *prima facie* case. Thereafter, the debtor must present evidence to rebut the objecting party's claim. Nevertheless, it is always the party objecting to the discharge who bears the ultimate burden of persuasion, to prove by a preponderance of the evidence, that all the statutorily required elements have been met. *Barclays/American Business Credit, Inc. v. Adams,* 31 F.3d 389, 393–94 (6th Cir.1994). In this case, because the Defendants have failed to rebut the Trustee's claim, this Court

must simply ascertain whether the Trustee has presented adequate evidence to establish, by a preponderance of the evidence, that the Defendants' conduct meets all of the required elements of either §§ 727(a)(2)(B) or 727(a)(4)(A). In making this determination, this Court is cognizant of the fact that the law favors discharge in bankruptcy, and thus the statutory provisions which completely deny a discharge to the debtor must be liberally construed in the debtor's favor. *Rosen v. Bezner,* 996 F.2d 1527 (3rd Cir.1993), *see* § 707(b).

## DENIAL OF DISCHARGE UNDER § 727(a)(2)(B)

■ Under § 727(a)(2)(B) the party objecting to the debtor's discharge must establish that, (1) the debtor transferred or concealed property, (2) such property constituted property of the estate, (3) the transfer or concealment occurred after the filing of the bankruptcy petition, and (4) the transfer or concealment was made with the intent to defraud the bankruptcy trustee. *Transamerica Premier Ins. Co. v. Chaplin,* 179 B.R. 123 (Bankr.E.D.Wis.1995). With respect to the first element, the Court finds that the Defendants did in fact conceal their property. Concealment, in an action brought under § 727(a)(2)(B), simply means withholding knowledge of an asset by the failure or refusal to divulge owed information. *In re Martin,* 698 F.2d 883 (7th Cir. 1983); 6 Collier on Bankruptcy § 727.02[6][b] (15th Ed.1998). According to the evidence presented to this Court, the Defendants failed to mention seven facts concerning financial information relating to their bankruptcy estate. In accordance with the foregoing definition, this Court can only come to the conclusion that the Defendants did in fact conceal their property. In addition, this Court finds that the property the Defendants failed to disclose constituted property of the bankruptcy estate. Under 11 U.S.C. § 541(a)(1) property of the bankruptcy estate, except for a few very limited exceptions, includes, "all legal or equitable interest of the debtor in property as of the commencement of the case." Here there is nothing before this Court which would tend

to demonstrate that the property the Defendants failed to disclose falls within any one of the specifically enumerated exceptions contained in § 541. Consequently, this Court finds the second element of § 727(a)(2)(B) is met. Similarly, the Court comes to the same conclusion with the third element of § 727(a)(2)(B) which requires that the concealment take place after the bankruptcy petition is filed. Clearly not disclosing information at a § 341 meeting constitutes a concealment occurring after the filing of the bankruptcy petition. *See* 11 U.S.C. § 341(a). However, omitting information in a debtor's bankruptcy schedules may also constitute concealment occurring after the bankruptcy petition is filed for purposes of § 727(a)(2)(B). *See In re Hadley*, 70 B.R. 51, 53 (Bankr.D.Kan.1987) (holding that the debtor's failure to list assets on their bankruptcy schedules can be construed as concealment both before and after the filing of the bankruptcy petition). Thus, the only remaining issue presented with respect to the Defendants actions vis-a-vis § 727(a)(2)(B) is whether the Defendants concealed the various items of their property with the intent to defraud the bankruptcy Trustee.

■ The fraudulent intent required under § 727(a)(2) must be actual, as distinguished from constructive, intent. *Bank of Pennsylvania v. Adlman*, 541 F.2d 999, 1003 (2nd Cir.1976) *Cf.* 11 U.S.C. § 548(a)(2). Although actual intent is difficult to prove directly, it may be established by circumstantial evidence or inferred from the debtor's conduct. *Pavy v. Chastant*, 873 F.2d 89, 91 (5th Cir.1989); *American General Finance, Inc. v. Burnside*, 209 B.R. 867, 870 (Bankr. N.D.Ohio 1997). Just one wrongful act may be sufficient to show actual intent under § 727(a)(2). However, a continuing pattern of wrongful behavior is a stronger indication of actual intent. Applying these standards to all of the statements and omissions occurring in the Defendants bankruptcy schedules and at the § 341 meeting, this Court is left with little doubt that the Defendants acted with the requisite intent to defraud the Trustee so as to constitute a violation of § 727(a)(2)(B). For example, there is virtually no possibility that the Defendants could have been un-

aware that they owned a 1963 Corvette, or that they had an ownership interest of a condominium in Florida. Nonetheless, these items of property were omitted from the Defendants' bankruptcy schedules and no information as to their existence was provided to the Trustee at the § 341 meeting.

■ However, this Court is cognizant of the fact that any evidence tending to show that a debtor was merely ignorant in his actions will tend to negate the actual intent to defraud as long as the debtor did not act in a manner constituting a reckless indifference to the truth. *Id.; In re Cycle Acct. Serv.*, 43 B.R. 264, 273 (Bankr.E.D.Tenn. 1984); 6 Collier on Bankruptcy § 727.02[3][c] (15th Ed.1998). Nevertheless, even if this Court were to believe that the foregoing mentioned omissions were merely the result of some sort of oversight or ignorance on the part of the Defendants, this notion becomes preposterous when combined with the many other omissions of the Defendants. For example, the Defendants, in their bankruptcy schedules, stated, inter alia, that no cash proceeds had been received from the sale of a parcel of real property located in Bellevue, Ohio. However, in reality the Defendants received Three Hundred Eleven Thousand Seven Hundred Ninety and 83/100 Dollars ($311,790.83) from this sale. This Court can figure no rational basis as to how a married couple, with two dependent children, having a combined monthly income of only One Thousand Eighty-six and 23/100 Dollars ($1,086.23) per month could forget that they had just recently received more than Three Hundred Thousand Dollars ($300,000.00).

Further supporting this Court's position is the fact that another very strong factor tending to indicate a Debtor's fraudulent intent under § 727(a)(2)(B) involves examining the general chronology of the events and the transactions under inquiry. *In re Devers*, 759 F.2d 751 (9th Cir.1985); *see also Bank of India v. Sapru*, 127 B.R. 306 (Bankr. E.D.N.Y.1991). When factoring in this consideration, the Defendants' fraudulent intent becomes especially apparent considering that the day before the Defendants declared bankruptcy, they had obtained Travelers

**158**

Checks totaling One Hundred Forty–Thousand Dollars ($140,000.00). Nonetheless, the Defendants somehow omitted this transaction from their bankruptcy schedules.

■ In summary, any one of the Defendants' actions and/or omissions taken alone would have been sufficient for the Court to deny the Defendants' discharge pursuant to § 727(a)(2)(B). However, when considering the Defendants' actions as a whole, this Court can only come to the conclusion that the Defendants acted with the requisite actual intent to defraud the Trustee.[3] Accordingly, even when viewing everything in a light most favorable to the Defendants, this Court is left with absolutely no doubt that the Defendants' conduct meets all of the elements contained in § 727(a)(2)(B), and thus a complete denial of the Defendants' discharge is warranted.

### DENIAL OF DISCHARGE UNDER § 727(a)(4)(A)

■ A party objecting to a debtor's discharge pursuant to § 727(a)(4)(A) must establish that, (1) the debtor made a statement while under oath, (2) the statement was false, (3) the statement related materially to the bankruptcy case, (4) the debtor knew the statement was false, and (5) the debtor made the statement with fraudulent intent. *Bank of India v. Sapru*, 127 B.R. 306, 314 (Bankr. E.D.N.Y.1991); *In re Brooks,* 58 B.R. 462, 465 (Bankr.W.D.Pa.1986). For the following reasons this Court finds that the Defendants are in violation of this section.

■ First, there is no question that testimony given at a § 341 meeting, and statements or omissions contained in a debtor's Bankruptcy Schedules qualify as occurring under oath for purposes of § 727(a)(4)(A). *See e.g., Dana Federal Credit Union v. Holt,* 190 B.R. 935 (Bankr. N.D.Ala.1996). Thus, the first element of § 727(a)(4)(A) is met. This Court also finds that the second element of § 727(a)(4)(A) is met. The Trustee has presented to this

Court evidence demonstrating that the statements and omissions given by the Defendants were in fact false and/or misleading. The Defendants, however, have failed to rebut these assertions, except for denying them in their Answer to the Trustee's Complaint. However, under Fed.R.Civ.P. 56(e) the Defendants may not merely rest on their pleadings. Therefore, the Court will accept the evidence which is before it, which asserts that the Defendants' statements and omissions were false.

■ Similarly, this Court finds that the third element of § 727(a)(4)(A) is met as the Defendants' statements and omissions were material to the bankruptcy case. A material fact is one that affects the substance of the case, rather than merely going to the form of the case. *See Willoughby v. Jamison,* 103 F.2d 821 (8th Cir.1939), *certiorari denied* 308 U.S. 588, 60 S.Ct. 111, 84 L.Ed. 492. As the court stated in *Bank of India v. Sapru,* 127 B.R. 306, 314 (Bankr.E.D.N.Y. 1991), a fact is material if it "concerns discovery of assets, business dealings or [the] existence or disposition of property." quoting *In re Montgomery,* 86 B.R. 948 (Bankr.N.D.Ind. 1988). Here, there is no question that collectively the Defendants' statements and omissions affected the substance of this case. For example, the Defendants' omissions clearly concerned discovery of their assets and the disposition of their property. Thus, this Court finds that the third element of § 727(a)(4)(A) is met.

■ The fourth element of § 727(a)(4)(A) requires that the debtor have knowledge that their statements were false. Knowledge may be shown by demonstrating that the debtor knew the truth, but nonetheless failed to give the information or gave contradictory information. *In re Cline,* 48 B.R. 581 (Bankr.E.D.Tenn.1985). Here, this Court finds it incredulous that when the Defendants filed for bankruptcy, they did not know they owned a Corvette or a Condominium in Florida, or that they had just recently

---

**3.** In a joint petition, a finding of fraudulent intent on the part of one debtor does not automatically compel a like finding on the part of the other debtor. *Packard Elevator Co. Inc. v. Wessels,* 79 B.R. 826 (N.D.Iowa 1987). However, in

this proceeding this Court finds that the actions of William and Jill Sowers were sufficiently intertwined so that a separate analysis of each party's fraudulent intent is not necessary.

obtained more than Three Hundred Thousand Dollars ($300,000.00) from the sale of their real property in Bellevue, Ohio. Accordingly, this Court finds that the Defendants knowingly made a false statement. The final element of 727(a)(4)(A) requires that the debtor, while under oath, made or failed to make the statement with the intention of being fraudulent. Like the fraudulent intent required for a violation of § 727(a)(2)(B), this intent may be inferred from circumstantial evidence or from the debtor's course of conduct. *In re Braymer,* 126 B.R. 499 (Bankr. N.D.Tex.1991). Consequently, for the reasons enumerated in this Court's analysis of fraudulent intent under § 727(a)(2)(B), the Court finds that the Defendants' statements and omissions, as contained in their bankruptcy schedules and made at the § 341 meeting, were done with the intention of being fraudulent. Accordingly the Defendants' conduct meets the statutory elements of § 727(a)(4)(A), and a complete denial of discharge is warranted.[4]

### DISPOSITION OF INTENT ISSUES ON SUMMARY JUDGMENT

This Court is left with one remaining issue to address. When ascertaining whether a violation of §§ 727(a)(2)(B) or 727(a)(4)(A) has occurred, the trier of fact is necessarily required to make a subjective inquiry into the debtor's state of mind. Such an inquiry normally requires explanatory testimony by the debtor and an assessment by the trier of fact of the debtor's demeanor and credibility. *First Texas Savings Assc., Inc. v. Reed,* 700 F.2d 986 (5th Cir.1983). Accordingly, questions involving a person's state of mind are generally inappropriate for resolution by summary judgment. *Braxton–Secret v. A.H. Robins Co.,* 769 F.2d 528, 531 (9th Cir.1985). Nevertheless, there is no per se rule that state of mind issues are inappropriate for disposition on summary judgment as long as there is no possibility that the facts presented at trial would demonstrate a

lack of fraud or intent. *In re Esposito,* 44 B.R. 817, 821 (Bankr.S.D.N.Y.1984); *Bell v. Internal Revenue Service,* 181 B.R. 311, 316 (Bankr.N.D.Ohio 1995); *see e.g., Norton Operating Servs., Inc. v. Perry,* 119 B.R. 24, 28 (Bankr.S.D.N.Y.1990). However, in making this determination, a court is not to consider whether the nonmoving party may be able to support the claim by presenting a scintilla of evidence based upon improbable inferences and unsupported speculation. *See Rossy v. Roche Products, Inc.,* 880 F.2d 621, 624 (1st Cir.1989); *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 109–10 (1st Cir.1988). Rather, Fed.R.Civ.P 56(c) requires that there be no genuine issue of material fact.

A genuine issue of material fact is one that must be decided at trial because the evidence, when viewed in a light most flattering to the nonmovant, would permit a rational fact finder to resolve the issue in favor of either party. *Mack v. Great Atlantic & Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989); *see Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. In other words, the disputed facts must have substance in the sense that there exists differing versions of the truth which a fact finder must necessarily resolve. *Mack,* 871 F.2d at 181. In the context of a claim brought pursuant to § 727(a), this generally means that the bankruptcy courts will grant a summary judgment motion to a party opposing a debtor's discharge if the debtor's conduct was sufficiently egregious enough so that no reasonable fact finder could possibly find for the debtor.

In the case sub judice, this Court finds that the Defendants' conduct was sufficiently egregious enough to warrant its disposition by summary judgment. In fact, there are many cases where a debtor's conduct was less egregious and summary judgment was still granted in favor of the party objecting to the debtor's dischargeability. For example, in *Najjar v. Kablaoui,* 196 B.R. 705, 708

---

4. The Defendants' actions of selling their real property located in Bellevue, Ohio, in April of 1998 would also most likely constitute a violation of § 727(a)(2)(A). This section requires that for a discharge to be denied it must be shown that; (1) the debtor transferred, or permitted to be transferred, (2) property of the debtor, (3) within

one year before the Petition in Bankruptcy was filed, (4) with the intent to hinder, delay or defraud the creditor. *First of America Bank v. Afonica,* 174 B.R. 242 (Bankr.N.D.Ohio 1994). However, as this Court finds that the Defendants have violated §§ 727(A)(2)(B) and 727(A)(4)(A), this Court need not address this issue.

(Bankr.S.D.N.Y.1996), the debtor transferred an interest in real property to his son without consideration. However, at the time of this transfer, the Debtor knew that a creditor was attempting to execute on a judgment that had been recently rendered against him. The court in *Kablaoui* held, based on the timing of the transfer, that this one act was sufficient to establish a *prima facie* case that the debtor's transfer was fraudulent under § 727(a)(2). Hence, the court in *Kablaoui* found that summary judgment against the debtor was appropriate when the debtor was unable to put forth sufficient evidence to rebut the plaintiff's assertion. *See also Nisselson v. Wolfson*, 139 B.R. 279 (Bankr. S.D.N.Y.1992) (summary judgment under § 727(a)(4) was appropriate when debtor repeatedly altered answers to question concerning debtor's involvement with various corporations); *In re Chavin*, 150 F.3d 726 (7th Cir.1998) (summary judgment was appropriate under § 727(a)(4) when debtor failed to disclose his partnership interest and valuable stock options); *Meeks v. Trammell*, 197 B.R. 309 (Bankr.W.D.Ark.1996) (summary judgment was appropriate pursuant to § 727(a)(2) due to debtor's prepetition transfer of two vehicles and concealment of wages due to him).

■ By comparison the Defendants in this case have engaged in seven acts of blatant misconduct. By this Court's conservative estimates, the Defendants attempted to conceal more than Three Hundred Eighty Thousand Dollars ($380,000.00) in assets while trying to dispose of One Hundred Eight-five Thousand Dollars ($185,000.00) in debt, all of which was unsecured. Under these circumstances, there is simply no possibility, even when viewing the situation in a light most favorable to the Defendants, and by giving them the benefit of all rational inferences, that the Defendants could possibly offer a sufficient and reasonable explanation for the misinformation and omissions contained in their bankruptcy schedules and given to the Trustee at the § 341 meeting. Accordingly, this matter was appropriate for resolution by Summary Judgment.

## CONCLUSION

In summary, this Court finds that the Trustee has been able to show, by a preponderance of the evidence, that the Defendants, with the intent to defraud the Trustee, gave false statements and omitted information from their bankruptcy schedules and at the § 341 meeting. Accordingly, the Defendants' complete discharge should be denied pursuant to both §§ 727(a)(2)(B) and 727(a)(4)(A). In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

*ORDERED* that the Motion for Summary Judgment of John J. Hunter, Trustee, be, and is hereby, GRANTED, and that the Defendants' discharge is DENIED pursuant to 11 U.S.C. §§ 727(a)(2)(B) and 727(a)(4)(A).